IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert Allen Smith, #147443,<br><br>                    Petitioner,<br><br>    vs.<br><br>Warden Willie Eagleton; and Henry<br>McMaster, Attorney General for<br>the State of South Carolina,<br><br>                  Respondents. | Civil Action No. 6:05-0213-GRA-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

       The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

       Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**FACTS PRESENTED**

       The record reveals that the petitioner is currently confined at Evans Correctional Institution of the South Carolina Department of Corrections pursuant to an order of the Clerk of Court for Horry County. The petitioner was indicted at the January 1988 term of the Horry County Court of General Sessions for murder and kidnaping (88-GS-26-149). The State sought the death penalty.

       The petitioner was represented at the trial level by Jeffrey Bloom and Robert N. Richardson. On April 6, 1988, the petitioner pled guilty before the Honorable

J. B. Ness to murder with the aggravating circumstance of kidnaping and torture. He was sentenced to life imprisonment without the possibility of parole for 30 years. The petitioner did not appeal either his plea or his sentence.

On August 21, 1995, the petitioner filed an application for post-conviction relief (PCR) in the state circuit court. In this application, the petitioner raised the following claims (verbatim):

>   (a)   Ineffective assistance of counsel;
>
>   (b)   The applicant alleges that due process forbids convicting a defendant on the basis of a coerced guilty plea. United States vs. Jackson. Cite as 88 S.Ct. 1209 (1968);
>
>   (c)   The applicant alleges that due process forbids convicting a defendant on the basis of a coerced guilty plea. The applicant alleges that the trial judge violated the due process clause by letting the applicant plead guilty to murder with aggravating circumstances of kidnapping and torture. The state has filed notice of intent to seek the death penalty. See United State v. Jackson. Cite as 88 S.Ct. 1209 (1968).

Represented by Paul Archer, the petitioner's PCR case was heard by the Honorable David H. Maring, Sr., on April 11, 1997. Judge Maring issued an order on May 30, 1997, dismissing the application.

The petitioner filed a notice of appeal. On December 1, 1997, Robert M. Pachak of the South Carolina Office of Appellate Defense, filed a *Johnson* petition for writ of certiorari on the petitioner's behalf and moved to be relieved as counsel. There was only one question presented in the *Johnson* petition:

>   Whether petitioner's guilty plea complied with the mandates set forth in Boykin v. Alabama?

The petitioner also filed a *pro se* petition at some point. The South Carolina Supreme Court denied the petition and granted counsel's motion to be relieved in an unpublished order entered on June 2, 1998.

The petitioner filed a second PCR application on April 2, 2002. In this application, the petitioner raised the following claims (verbatim):

(a) Applicant's plea was not intelligently entered;

(b) The Court lacked jurisdiction;

(c) Counsel failed to argue and have the indictment for the crime bona fide;

(d) Counsel failed to use incompetancy as a defense;

(e) Counsel failed to request a Jackson V. Denno hearing;

(f) Assistance defect.

The Honorable Steven H. John conducted a hearing on the State's motion to dismiss the application as successive on June 5, 2003. There, represented by Trent Chambers, the petitioner also raised a subject matter jurisdiction claim. Judge John granted the State's motion to dismiss, finding that the application was successive and that the plea court had subject matter jurisdiction. He issued a written form order the same day.

The petitioner appealed. On January 12, 2004, Wanda P. Hagler of the South Carolina Office of Appellate Defense, filed a *Johnson* petition for writ of certiorari on the petitioner's behalf and moved to be relieved as counsel. There was only one issue presented in the *Johnson* petition:

> The PCR court erred in not allowing petitioner to fully air his allegations at the PCR hearing held in this case.

The petitioner also filed a *pro se* petition. The South Carolina Supreme Court denied the petition and granted counsel's motion to be relieved in an unpublished order entered on October 6, 2004.

On January 12, 2005, the petitioner filed this *pro se* petition for writ of habeas corpus raising the following grounds for relief (verbatim):

3

> **Ground One**: Trial court lacked subject matter to accept a plea;
>
> **Ground Two**: Conviction was obtain by an unlawful plea not made with the understanding of the nature and consequences of the plea;
>
> **Ground Three**: Ineffective assistance of trial and P.C.R. counsel.

(Pet. 5).

On March 10, 2005, the respondents filed a motion for summary judgment. By order of this court filed March 15, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the respondents' motion. On March 28, 2005, the plaintiff filed a response to the respondents' motion for summary judgment.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e), provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant

>shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

When presented with an application for habeas relief, the first inquiry is to determine whether the claim raised on habeas was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d); *see Weeks v. Angelone*, 176 F.3d 249, 257 (4th Cir. 1999), aff'd, 120 S.Ct. 727 (2000). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable, application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.A. §2254(d)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). If, however, "a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits . . ., our review of questions of law and mixed questions of law and fact is de novo." *Weeks*, 176 F.3d at 258.

## **ANALYSIS**

The respondents have filed a motion for summary judgment alleging the petitioner's petition should be dismissed as untimely. Section 2244(d)(1) provides a one-year statute of limitations in which state prisoners can file applications for a writ of habeas corpus. 28 U.S.C. §2244(d)(1). The one-year period generally runs from the date on which the state criminal judgment became final. *See* 28 U.S.C. §2244(d)(1)(A). Section 2244 also has a tolling provision which states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2).

The petitioner filed this petition for habeas relief on January 12, 2005. His state conviction, however, became final on April 6, 1988. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") became effective on April 24, 1996, and it allowed petitioners whose right to seek habeas relief accrued prior to enactment of the AEDPA to bring a habeas petition within one year of the AEDPA's effective date. *Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). Because the petitioner's PCR application was pending when the AEDPA became effective, that one-year grace period was tolled through June 2, 1998, when the South Carolina Supreme Court denied his petition for writ of certiorari and remitted to circuit court. 28 U.S.C. §2244(d)(2). Thus, the petitioner should have filed his habeas corpus application on or before June 1, 1999; he is more than five years too late. Accordingly, this petition is untimely and should be dismissed in its entirety.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondents' motion for summary judgment be granted.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

June 10, 2005

Greenville, South Carolina