UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Robert Allen Smith, #147443,<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>Warden Willie Eagleton; and Henry McMaster, Attorney General for South Carolina,<br><br>　　　　　　　　　Respondents. | C/A No. 6:05-213-GRA-WMC<br><br>ORDER<br>(Written Opinion) |

I. BACKGROUND

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(c), D.S.C., and filed on June 10, 2005. Petitioner brought this suit pursuant to 28 U.S.C. § 2254, alleging three grounds for relief. On March 10, 2005, the Respondents filed a motion for summary judgment, and Petitioner filed a response to Respondents' motion for summary judgment on March 28. The magistrate recommends granting Respondents' motion for summary judgment.

II. DISCUSSION

Petitioner proceeds *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the

development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

Parties must file with the clerk of court specific, written objections to the Report and Recommendation if they wish the United States District Judge to consider their objections. Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. Fed. R. Civ. P. 72(b); *See United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any

explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1993). The Petitioner has filed objections.

Petitioner's sole objection is that his § 2254 petition is not untimely. To address this objection, the Court will review the progression of Petitioner's legal filings.

On April 6, 1988, Petitioner pled guilty in South Carolina circuit court to murder with the aggravating circumstances of kidnaping and torture. He was sentenced to life imprisonment without the possibility of parole for 30 years. Petitioner did not appeal either his plea or sentence.

On August 21, 1995, Petitioner filed an application for post-conviction relief (PCR) in the state court. This application was heard April 11, 1997, and dismissed May 30, 1997. The South Carolina Supreme Court denied Petitioner's writ of certiorari on June 2, 1998. Petitioner then filed a second PCR application on April 2, 2002. This second petition was heard and dismissed on June 5, 2003, as the petition was deemed successive. Petitioner filed a petition for a writ of certiorari, and the South Carolina Supreme Court issued an order on October 6, 2004, denying the petition. Petitioner then filed this action on January 27, 2005, and in his objections Petitioner claims to be within the one year limitation period of 28 U.S.C. § 2244(d)(1) because of the tolling period allowed by § 2244(d)(2). Petitioner's analysis is incorrect, as the Court will explain below.

Since Petitioner did not appeal his conviction, it became final on April 6, 1988. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") went into effect April

24, 1996, allowing petitioners whose right to seek habeas relief accrued before April 24, 1996 to bring a habeas petition within one year of that date. *Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). Because the Petitioner's initial PCR application was pending when the AEDPA became effective, that one year grace period was tolled through June 2, 1998, the date the South Carolina Supreme Court denied his petition for writ of certiorari. Thus, Petitioner had until June 1, 1999 to file a habeas corpus application. Since he did not file until January 27, 2005, his petition is untimely.

### III. CONCLUSION

After a *de novo* review of the magistrate's Report and Recommendation, this Court finds that the report is based upon proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Respondents' motion for summary judgment is GRANTED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

July   15  , 2005.

### NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within thirty (30) days from the

date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.